IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNITH ROBERSON,             ) | No. C 10-2375 JSW (PR) |
| Plaintiff,             ) | **ORDER OF DISMISSAL** |
| v.             ) | |
| CHIEF OF POLICE, CAMPBELL POLICE DEPARTMENT, et al.,             ) | |
| Defendants.             ) | |

### INTRODUCTION

Plaintiff, an inmate in the Santa Clara County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed *in forma pauperis* in a separate order. This Court reviews the complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the complaint is dismissed for failure to state a cognizable claim for relief.

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

    Plaintiff alleges that Defendants, officials of the City of Campbell Police Department, as well as the local municipal entities, violated his constitutional rights by illegally arresting him, withholding exculpatory evidence and conducting an illegal search in connection with his prosecution on criminal charges in state court. He seeks money damages.

    The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). *Heck* applies even if Plaintiff has not yet been convicted because it applies to claims arising out of pending charges. *See Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997) (citing *Heck*) (holding that a civil claim which necessarily implicates the validity of pending criminal charges does not accrue until after one has succeeded in the criminal realm).

If Plaintiff's claims that Defendants violated his constitutional rights by conducting an illegal search or withholding exculpatory evidence are proven true, this could call into question the validity of his conviction or pending charges. Therefore, the claims are barred by *Heck* until the charges, or subsequent conviction, have been invalidated. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (claim for damages for alleged illegal search and seizure of evidence upon which criminal charges are based is barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 37, 380 (9th Cir. 1998).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice.

The Clerk shall close the file and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: November 15, 2010

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENITH N. ROBERSON, | Case Number: CV10-02375 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CHIEF OF CAMPBELL POLICE DEPARTMENT et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenith N. Robertson
#DBB562
885 San Pedro Street
San Jose, CA 95110

Dated: November 16, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk